# Hart *v.* Ross & Garner.

*Statutory Real Action in Nature of Ejectment.*

1. *Deed executed in another State; when self-proving.*—A deed of lands· executed in the State of Texas, with two subscribing witnesses, proved by one of them in the exact form prescribed by our statute, and certified by a person styling himself a notary public of Texas, and authenticated by his notarial seal, when properly recorded (within twelve months) in the· county where the lands lie, is self-proving.

2. *Act of March* 20, 1875; *what necessary to give full effect to.*—The act · "to authorize the filing and recording of certain deeds of conveyance, therein named, in the offices of the probate courts of this State," approved March 20, 1875, cannot have full effect, unless it be held that its purpose was· to extend the time within which conveyances, executed prior to that time, should be recorded, and when recorded, within the time specified by that act, should be received in evidence without further proof, as if properly recorded within twelve months from the date of their execution.

3. *Same; omitted from Code of* 1876.—The court notices (*en passent*) that said act was omitted from the Code of 1876.

APPEAL from the Circuit Court of Chambers.

Tried before the Hon. JAMES E. COBB.

Action was brought at the fall term, 1875, of said court,· by appellant, against appellee, for the recovery of certain lands situated in Chambers county.

The plaintiff (appellant) offered in evidence a deed, showing title to the lands sued for, executed April 6, 1874, by J. F. Baggett, and S. T. Baggett. Said deed showed upon its face to have been duly executed in Cooke county, State of Texas, and attested by two witnesses. Its acknowledgment was also certified by a notary public, under his official seal, and the authority of the notary was certified to by the clerk of the District Court of Texas for said county of Cooke; which certificates were properly made and attached to the deed. The certificate of the probate judge of Chambers· county showed that the deed had been received for record on the 20th day of June, 1876.

Defendant (appellee) objected to the introduction of said deed as evidence, stating as his reason that the same had not· been recorded within the time prescribed by law to make the· deed admissible without further proof of execution. The· objection was sustained, and the plaintiff excepted. The plaintiff then offered the probate of the deed made by the· witness before the notary public, to show that the subscribing·

[Hart v. Ross & Garner.]

witness resided in Texas, and then to prove the handwriting of the grantors; to which the court sustained the objection of defendant, and plaintiff excepted. The plaintiff then took a nonsuit; and now appeals to this court, assigning, as error, the several aforesaid rulings of the court below.

J. R. DOWDELL, for appellant.—1. The appellant was forced to take this nonsuit, and hence this court will set it aside on appeal.

2. The court should have admitted in evidence the deed offered by the plaintiff, without proof of execution, the deed having been filed and recorded within twelve months after passage of act, March 20, 1875, and having been made and executed as required by law at the date of its execution. *Vide* Acts of Ala. 1874–5, p. 180.

3. The probate of the deed and certificate of the notary public, an officer of State of Texas, show that the subscribing witnesses were, at the date of the deed, in the State of Texas; this, in connection with proof by Hart, was sufficient showing to allow evidence of handwriting to grantors—to prove execution of deed. The presumption of law is that the subscribing witnesses being shown to have been at a certain time in the State of Texas, continued there, until the contrary is shown, and it was for the defendants to show that. *Vide State Bank v. Seawell*, 18 Ala. 616.

W. H. BARNES & SON, *contra.*—1. The deed could not be read in evidence, without proof of the execution. In order to get the benefit of section 1544 (of the Code) it must be proved or acknowledged according to law.—Code, § 1550.

2. The court did not err in refusing to permit the deed recited in the bill of exceptions read to the jury; there was nothing authorizing it. The deed was not recorded so as to give the benefit of section 1544 of the Revised Code. The deed seems to bear date on the sixth day of April, 1874, and was not recorded until —— day of February, 1866, nearly two years from its date. Section 1544 only makes them self-proving when acknowledged and proved according to law, and recorded within twelve months from this date.

3. The court did not err in refusing to allow the witness below to prove the handwriting of the grantors, it not being first shown that the attesting witnesses were dead or beyond the jurisdiction of the court.

4. Nor did the court err in refusing to allow the notary's certificate to be read to the jury. That certificate was *ex parte*, and could prove no fact in the case.

[Hart v. Ross & Garner.]

STONE, J.—1. The deed in the present case was executed in the State of Texas, has two subscribing witnesses to it, and was proved by one of the subscribing witnesses in the exact form furnished by our statute, (Code, § 2159,) before, and certified by a person representing himself as a notary public of Texas, and authenticated by a notarial seal. This is strictly in accordance with our statutes, and authorized the registration of the deed, and made it self-proving, if recorded in the county where the lands lie within twelve months after its execution. Such certificates, when made by a notary public, and attested by his official seal, are intended to be self-proving, for the law has made no provision for authenticating them.—See in connection sections 2147, 2152-3-4-6-9, 2160. Nothing short of this will give effect to these several sections.

2. The twelve months allowed within which to record the deed, and thereby make it self-proving, was extended by the act " to authorize the filing and recording of certain deeds of conveyance therein named, in the office of the Probate Courts of this State," approved March 20, 1875.—Pamphlet Acts, 180. By that statute, parties were allowed twelve months after its passage within which to record any deed of conveyance of any kind, heretofore made and executed as required by law at the date of its execution ; " and when so filed and recorded, said deeds have the same force and effect in all things as they would legally have had if they had been filed and recorded within the time required by law at the time of the execution of such deed ;" with an exception not necessary to be now considered. This statute was not necessary, to authorize the registration of said deeds. That had been provided for by section 2153 of the Code ; and such registration would operate as notice. The only purpose the legislature could have had, was to allow a further time within which to record deeds properly executed and certified, and thus make them self-proving. Thus construed, the statute has a healing, remedial effect; while any other construction leaves it inoperative. It was but the creation of a new rule of evidence, and was operative on existing conveyances. We think the deed should have been received in evidence, without any other proof than that furnished by the certificates.

The act of March 20, 1875, appears to have been omitted from the Code of 1876.

Judgment of the Circuit Court reversed, nonsuit set aside, and cause remanded.