# Farrior *v.* New England Mortgage Security Co.

### *Bill in Equity for Foreclosure of Mortgage.*

1. *Allegations of bill, construed against pleader.*—A bill filed by a foreign corporation, described as "duly organized under the laws of Connecticut, with its principal place of business in the city of Boston, and *having* a duly constituted agent, with a known place of business in the city of Birmingham, Alabama, as required by" constitutional provision, being construed, on demurrer, most strongly against the pleader, must be held to have reference to the time of filing the bill, and not to the prior time at which the contract sued on was made.

2. *Validity of contract; by what law determined.*—When a mortgage, with the notes secured by it, is dated in Alabama, and expressly declares "that the notes herein described, and this mortgage, shall be governed and construed by and under the laws of Alabama, where the same is made," and the certificate of acknowledgment also states that the mortgage was "executed" on the day of its date; the validity of the contract, under a bill to enforce the mortgage, is governed by the laws of Alabama, although the notes are made payable in New York.

3. *Constitutional provision forbidding foreign corporation to "do any business in this State," without resident agent and known place of business.*—The constitutional provision which declares, "No foreign corporation shall do any business in this State, without having at least one known place of business and an authorized agent or agents therein" (Art. XIV, § 4), prohibits the making of a single contract, or the doing of a single act of business, by such foreign corporation in the exercise of a corporate function; as well as the engaging in or carrying on its business generally.

4. *Same; executed and executory contracts.*—Under this constitutional provision, as heretofore construed, a contract made with a foreign corporation, and fully executed, can not be afterwards assailed by the party who received the benefits of it, on the ground of non-compliance with the constitutional provision; but, so long as the contract remains executory, the courts will not enforce it at the instance of either party.

5. *Same; statutory provisions in aid of.*—The statute approved February 28th, 1886, entitled "An act to give force and effect to" said con-

stitutional provision (Sess. Acts 1886-7, p. 102), is entitled to great weight as a legislative interpretation of the constitutional provision, but "can neither add to nor take from the legal significance of its meaning."

APPEAL from the Chancery Court of Lowndes.

Heard before the Hon. JNO. A. FOSTER.

The bill in this case was filed on the 10th June, 1889, by the "New England Mortgage Security Company, a corporation duly organized under the laws of Connecticut, with its principal place of business in the city of Boston, Massachusetts, and having a duly constituted agent, with a known place of business, in the city of Birmingham, Alabama, as required by the 4th section of the 14th article of the constitution of said State," against James S. Farrior and his wife; and sought to foreclose a mortgage on a tract of land, situated in Montgomery and Lowndes counties. The mortgage, a copy of which was made an exhibit to the bill, was dated April 13th, 1886, and entitled at the head, "State of Alabama, Lowndes and Montgomery counties;" and it was given to secure the payment of a promissory note for $5,500, of even date with the mortgage, payable on the 13th April, 1891, at the Corbin Banking Company in the city of New York, with coupon notes attached for interest as stipulated. This note was given, as the bill alleged, for money loaned by the complainant to said Farrior; and the notes were made exhibits to the bill. The defendants demurred to the bill, because it showed that the complainant was a foreign corporation, and did not allege or show (1) that complainant, at the time the mortgage and notes were executed, had a resident agent in the State, nor (2) that it then had a known place of business in this State. The chancellor overruled the demurrer, holding that these were matters of defense, to be set up by plea or answer; and his decree is now assigned as error.

WATTS & SON, and J. T. HOLTZCLAW, for appellant, cited *Amer. Tel. Co. v. W. U. Tel. Co.*, 67 Ala. 30; *Dudley . v. Collier & Pinckard*, 87 Ala. 431; *Lucas v. Oliver*, 34 Ala. 631; *Minter & Gayle v. Br. Bank*, 23 Ala. 762; *Flewellen v. Crane*, 58 Ala. 627.

WEBB & TILLMAN, and C. BRADSHAW, *contra*, cited *Cooper Man. Co. v. Ferguson*, 113 U. S. 733; *Hawley v. Bibb*, 69 Ala. 52; *Elston v. Piggott*, 94 Ind. 15; *Insurance Co. v.*

[Farrior v. New England Mortgage Security Co.]

*Sawyer*, 44 Wisc. 387; *Stokes v. Culver*, 57 Ala. 412; Jones on Mortgages, § 660.

SOMERVILLE, J.—The bill is filed by a foreign corporation, for the purpose of foreclosing a mortgage on certain lands in the counties of Montgomery and Lowndes; said conveyance bearing date April 13th, 1886, and being executed to secure a loan of money by the complainant to the mortgagor. This was prior to the act of February 28th, 1887, passed to give additional force and effect to section 4 of Art. XIV of the present constitution of Alabama, which provides, that "no foreign corporation shall do any business in this State, without having at least one known place of business, and an authorized agent or agents therein."—Acts 1886–87, pp. 102–104.

1. The bill must be construed to aver that the complainant corporation had a duly constituted agent, and a known place of business in Alabama, only when the suit commenced, and not when the money was loaned, or the mortgage was taken, which was more than three years before the filing of the bill. The rule is to construe pleadings more strongly against the pleader, on the principle, that he will always make his allegations as favorable to himself as his facts and his conscience will allow. It scarcely requires this rule to be invoked, to hold that the allegations contained in the first paragraph of the bill on this subject were insufficient, and subject to the demurrer taken on this ground. The chancellor erred in not sustaining the demurrer.—*Amer. Union Tel. Co. v. Western Un. Tel. Co.*, 67 Ala. 26; 42 Amer. Rep. 90; *Dudley v. Collier*, 87 Ala. 431.

2. The bill shows on its face with sufficient certainty that the notes and mortgage were presumptively executed and delivered in this State. They all bear date April 13th, 1886, the notes and the mortgage alike being dated in Alabama. There is contained, moreover, in the body of the mortgage, this declaration: "It is further agreed between the parties hereto, that the notes herein described, and this mortgage, shall be governed and construed by and under the laws of the State of Alabama, *where the same is made*." The word *made* here obviously means *executed*, and the latter word involves the act of delivery. The acknowledgment, moreover, taken before the notary, imports in express words that the grantor "executed" the mortgage on the day it bore date. As said in *Hill v. Nelms*, 86 Ala. 442, "the execution of a

conveyance ordinarily includes its signing, sealing and delivery, or the doing of every formal thing necessary to complete, or carry it into effect." It was immaterial, therefore, that the notes were made payable in the State of New York. The loan of the money, and the taking of the security by mortgage, were *prima facie* transacted in Alabama.

3. The bill alleges that the complainant corporation, "under its charter and laws of incorporation, had full power and authority" to loan the money and take the mortgage in controversy. In engaging in such a transaction, the complainant was in the exercise of its chief corporate function, as imported by its very name, and as admitted by the bill. The prohibition of the Constitution is against "doing *any* business in this State," without compliance with the conditions specified. The doing of a single act of business, if it be in the exercise of a corporate function, is as much prohibited as the doing of a hundred such acts; and it is just as much opposed to the policy of the Constitution, which is to protect our citizens against the fraud and imposition of insolvent and unreliable corporations, and to place them in an attitude to be reached by legal process from our courts, in the event of any existing necessity to bring suit against them to vindicate a legal right, or to contest the validity of any contract made by or with them. The phrase, "doing *any* business," is more comprehensive in meaning than the carrying on, or engaging in business generally, which involves the idea of continuance, or the repetition of like acts. All the adjudged cases, so far as we have examined, in and out of this State, assume this to be true, except the case of *Cooper Man. Co. v. Ferguson,* 113 U. S. 727; 2 Morawetz on Corp. (2d Ed.), §§ 661-665, and cases cited. There it was said, that a clause in the Constitution of Colorado, like the one here under consideration, was not to be construed to prohibit a single act, but only "the *carrying on* of business" by a foreign corporation. The act there done was the making of a contract in Colorado, to manufacture certain machinery in Ohio, to be delivered in the latter State for transportation to the purchasers in the former. The promise was a mere agreement to deliver goods in another State, and possibly was not the unlawful exercise of a corporate function.—*Beard v. Union & Amer. Pub. Co.,* 71 Ala. 60. However that may be, we do not concur in the construction given, in which also two of the judges of the court rendering the decision, it seems, did not agree. Their concurrence in the judgment

[Farrior v. New England Mortgage Security Co.]

was placed solely on the ground, that the prohibition contained in the Colorado Constitution, when directed against a sale of that character, would be an attempted regulation of commerce between the States, and on this account void for repugnancy to the Federal Constitution.

4–5. In *Dudley v. Collier*, 87 Ala. 431, we discussed at some length this clause of our Constitution, and the act of the legislature seeking to carry it into effect by the imposition of penalties on offending parties. We there distinguished *Sherwood v. Alvis*, 83 Ala. 115, as involving the case of a foreclosed mortgage, by which the contract in question had become, in a measure, fully executed between the parties. This distinction is recognized, also, in the more recent deliverance of *Craddock v. American Mortgage Land Co.*, decided at the present term, which was determined on the authority of that case. The legislative act can not change the construction or meaning of the constitutional clause under consideration. It may throw light on its construction, and render its enforcement more effective; but it can neither add to, nor take from the legal significance of its meaning, which was the same before as after the date of the enactment designed to give vigor to its execution. But the statute may be looked to, as a legislative interpretation of the constitutional clause, and, as such, is entitled to much weight. *Cooper Man. Co. v. Ferguson*, 113 U. S. 727; *Ex parte Hardy*, 68 Ala. 303.

This case, in our judgment, must be governed by the rule declared in *Dudley v. Collier, supra*. The loan of the money by complainant to the defendant, was an act of corporate business which was prohibited by the Constitution; and this illegal act was the consideration of the defendant's promise to pay the borrowed money. The promise, therefore, was void, and being executory, the courts will not lend their aid to its enforcement, for this would be in subversion of a regulation made for the public good.

Apparent injustice, it is true, often follows from the application of provisions of this nature, by which contracts are annulled for illegality, or as obnoxious to good morals, or violative of public policy, or for repugnancy to positive statutes. But the law does not allow this result for the benefit of either of the offending parties, as being less censurable or more favored than the other. It only lets the parties, who are in equal fault, severely alone, as the surest mode of securing obedience to the authority of its mandates.

The chancellor erred in not sustaining the demurrer to the bill, and in the decree rendered.

Reversed and remanded.