# Gamble *v.* Caldwell.

*Statutory Action of Ejectment.*

1. *Authority to mortgagee to become a purchaser of the mortgaged property.*—It is competent for the grantor in a mortgage to authorize the auctioneer who should sell under the power therein to make a conveyance to the purchaser, and the mortgage is a power of attorney to

[Gamble v. Caldwell.]

that end; and where the power is given in the mortgage to the mortgagee to become a purchaser at a sale under the mortgage, his purchase invests him with a title as fully as if a stranger had bought.

2. *Sale, under mortgage to foreign corporation, with no local agent.*—A sale and purchase, under power in a mortgage made to a foreign corporation, who failed to comply with the law in regard to having an authorized agent in the State, becomes thereby executed so as to render such omission unavailing to the mortgagor.

3. *Sale by third person not in possession; what is not*—A sale and conveyance by an auctioneer of mortgaged lands, under power given him in the mortgage, is a sale by a constituted agent of the grantor in the mortgage, and is not a sale by a "third person" at all.

APPEAL from Coosa Circuit Court.

Tried before the Hon. J. R. DOWDELL.

The appellee, Albert S. Caldwell, the plaintiff below sued in ejectment to recover of the appellant, Zadock B. Gamble, the possession of certain lands in Coosa county named in the complaint. The plaintiff rested his right of recovery upon a deed made to him as trustee of the foreign corporation, that took the mortgage from the defendant, by P. P. Walker, the auctioneer who sold under the mortgage at the foreclosure sale. The defendant, who was said mortgagor set up as a defense that the mortgage was void because said mortgagee was a foreign corporation that had not complied with the laws of this State in its requirement of such corporations doing business here to have a known place of business and a local agent, evidenced by a declaration filed in the office of the Secretary of State, and on that ground objected to the introduction of said mortgage, but the court overruled the objection and permitted the mortgage to be offered in evidence by the plaintiff. The plaintiff offered in evidence a certificate of the Secretary of State, showing that said foreign corporation had fully complied with the law by filing the declaration in regard to local agent, &c. The objection of the defendant to its introduction was overruled. To these rulings of the court the defendant excepted, and here assign the same as error. The plaintiff asked the general affirmative charge, which was given, and the defendant excepted.

JNO. A. TERRELL, for appellant.—1. Insisted that the court erred in giving the general charge for the plaintiff as there was no evidence that the defendant was in possession of the lands at the time he executed the mortgage through which plaintiff derived title, citing *Hines v. Chancy*, 47 Ala. 637. 2. Defendant's objection to the certificate of the Secretary of State as to the appointment by the foreign corporation of a local agent should have been sustained, as

the same was incompetent proof that R. Van was the proper officer to acknowledge its execution. And, the subsequent ratification by the corporation of his act, would at most be but an equitable estoppel.—*Standifer v. Swan and Billups,* 78 Ala. 88.

J. H. PARKER, and SAYRE, STRINGFELLOW & LEGRAND, for appellee. (No brief came into the hands of the reporter.)

McCLELLAN, J.—It was of course competent for Gamble, the grantor in the mortgage through a sale under which Caldwell, plaintiff below and appellee, here, claims title to the land in question, to authorize and empower the auctioneer who should cry off the land in the execution of the power of sale which it contained, to execute a conveyance to the purchaser at such sale; the mortgage was a power of attorney to that end. It is equally clear that the authorization, embodied in the power of sale, to the mortgagee to become the purchaser at any sale thereunder, rendered the purchase by, and conveyance to Caldwell for the mortgagee, the Netherlands American Land Company, as efficacious in all respects to the investiture of title in such trustee as if he had been a stranger to said company and had purchased the land on his personal account.—*Knox v. Armistead,* 87 Ala. 511. By this sale, purchase and conveyance the contract evidenced by the mortgage became fully executed in such sort that if the mortgage had originally been invalid by reason of the failure of the mortgagee, a foreign corporation, to comply with our laws in respect of having and declaring a place of business in this State with an authorized agent or agents thereat, that infirmity could not have availed the defendant below; *Farrior v. New England Mortgage Security Co.,* 88 Ala. 275; and if the trial court erred in admitting in evidence the declaration of a place of business and appointment of an agent purporting to have been executed by R. Van Rees president *pro tem* of the land company and which was certified by the Secretary of State as being on file in his office, as required by the statute, at the time the mortgage was executed, the error involved no injury to the defendant, since the rights of the parties to this suit were at the time it was instituted and at the time of the trial, precisely the same whether the statutory and constitutional provisions obtaining in the premises had been complied with or not. We may remark, however, that we do not conceive that any error was committed by the trial court in the admission of the certified copy of said declaration.

[Buck v. Carlisle.]

It appears to be signed by the officers and to set forth the facts required by the act of February 28, 1887.—Acts 1886–87, p. 102, its execution is properly probated and acknowledged. Code §§ 1800, 1801, and the seal of the corporation is shown to have been attached to the original.

What we have said will serve to indicate the grounds of our opinion that the mortgage executed by Gamble and the deed executed by the auctioneer to Caldwell were properly admitted in evidence.

The position taken by counsel that the sale and conveyance to Caldwell as trustee for the land company was inoperative and void because, as it is insisted, the sale was made and the deed executed by a third person, not in possession of the land, the theory being that the possession was held by the defendant adversely to such third person, is wholly untenable. The sale and conveyance were made in strict accordance with the terms of the mortgage, the "third person" referred to in argument was the auctioneer who was duly authorized by the mortgagor to make sale and conveyance of the land, and was not a third person at all but the attorney in fact of the grantor in the mortgage, fully empowered to do what was done for and in his behalf. The principle invoked manifestly has no sort of application to this case.

There was no conflict in the evidence. It made out a case for a recovery on the part of the plaintiff, and the court properly gave the affirmative charge in his favor.

Affirmed.