# Kindred *v.* New England Mortgage Security Co.

*Bill in Equity to cancel a Mortgage and to remove Cloud from Title.*

1. *Foreign corporation; cancellation of mortgage; executed contract.*— A bill filed against one in possession as absolute owner under a purchase at a foreclosure sale of a mortgage, to set aside and cancel the mortgage, on the ground that the mortgagee was, at the time of the execution thereof, a foreign corporation, and did not have in this State a known place of business and an authorized agent therein, can not be maintained, since at the time of the filing of the bill, the contract, even though it may have been illegal, had become fully executed.

2. *Priority of mortgage over deed; bona fide purchaser.*—An unrecorded deed to land from a husband to a wife is subordinate to a mortgage subsequently executed by the husband upon the same land, in which the wife joined, where there had been no change of possession and the mortgagee had no actual notice of the deed; and a purchaser at the foreclosure of said mortgage, having no notice of the existence of the deed, acquires a title superior to the title of the wife, he being a *bona fide* purchaser without notice of her title.

APPEAL from the Chancery Court of Pike.

Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed by the appellant, Gracie E. Kindred, against the appellee, the New England Mortgage Security Company, to remove a cloud on the title to the land of the complainant, by reason of a mortgage executed by herself and husband, E. B. F. Kindred, thereon, and the sale thereunder at which the respondent became the purchaser. The mortgage was made an exhibit to the bill and showed that it was executed by E. B. F. Kindred and the complainant, his wife, to the New England Mortgage Security Company, the respond-

[Kindred v. New England Mortgage Security Co.]

ent, to secure the payment of money which was loaned
by the Security Company to the complainant's husband.
It was shown that prior to the filing of the bill the
lands conveyed in the mortgage were sold under the
power of sale contained therein, and at such sale the re-
spondent therein became the purchaser. The com-
plainant then averred in her bill that the lands which
were conveyed in the said mortgage were her lands, and
that they were conveyed to her by her husband, E. B.
F. Kindred, in compliance with a marriage contract;
that the deed of conveyance from her husband was de-
livered to her upon her marriage, and the land was hers
at the time of the execution of the mortgage; and that
at the time of the execution of said mortgage the re-
spondent did not have in this State a known place of
business, and an authorized agent or agents therein.

The relief prayed for was that the mortgage and claim
of defendant to said land be cancelled and annulled, and
that it be restrained from further asserting any claim to
said land and for general relief. The other facts of the
case are sufficiently stated in the opinion.

On the final submission of the cause on the pleadings
and proof, the chancellor decreed that the complainant
was not entitled to the relief prayed for, and ordered
the bill dismissed. From this decree the complainant
appeals, and assigns the rendition thereof as error.

HUBBARD & HUBBARD, for appellants.—The appellee
being, (and this is not disputed, but admitted), a foreign
corporation, it could not be a *bona fide* purchaser, unless
it had complied with the law requiring a known agent
and place of business; because otherwise it would be
illegally doing business, and would come within the
same principle as a business mortgagee, who, under such
a mortgage, can not become a *bona fide* purchaser.—*Mc-
Call v. Rogers*, 77 Ala. 349; *Wailes & Co. v. Couch*, 75
Ala. 134; *Lee v. Boyd*, 86 Ala. 283.

A. C. WORTHY, *contra.*—The burden of proving that
appellee, a foreign corporation, had not complied with
the law requiring a known place of business and an agent
thereat, devolved upon appellant, who alleges that the
law had not been complied with.—*Nelms v. Edinburg
Amer. L. M. Co.*, 92 Ala. 161, which forcibly reannoun-

ces the doctrine that, "illegality in a transaction is never presumed. On the contrary, everything is presumed to have been legally done, till the contrary is proven."—1 Chitty Pl., 220–21.

HEAD, J.—The bill was filed in this case to set aside the mortgage made by E. B. F. Kindred and the complainant, his wife, to the appellee, after the mortgage had been foreclosed and the appellee had become the absolute owner of the premises. In such case, under our decisions, the objection cannot be raised that the appellee was a foreign corporation at the time of the execution of the mortgage, and did not have in this State a known place of business and an authorized agent or agents therein.—*Farrior v. New England Mort. Security Co.*, 88 Ala. 275 ; *Gamble v. Caldwell*, 98 Ala. 577.

It is unquestioned that the land belonged to complainant's husband, at the time of his marriage with the complainant. The deed from him to her, under which she now claims title, was not recorded until long after the execution of the mortgage. Upon the marriage, the husband, with his wife, remained in the occupancy and possession of the land, and there is no evidence of any such change of possession as was sufficient to give notice to the appellee of the fact of her ownership. There is no proof of any notice, at all, on the part of the appellee, of the complainant's title prior to the execution of the mortgage. The mortgagee was, therefore, a *bona fide* purchaser without notice of her title.

Affirmed.