(77 South. 340)

QUINN v. TENNESSEE COAL, IRON & R. CO. (6 Div. 686.)

(Supreme Court of Alabama. Dec. 20, 1917.)

PUBLIC LANDS &amp;⇒136—ENTRY—MORTGAGE—VALIDITY—RIGHT TO CONTEST.

Where a mortgage on land was given before issuance of receiver's certificate, and later became fully executed by foreclosure, the defense is not available to mortgagor's heirs or vendees that such mortgage was void as being contrary to public policy, because of the oath required under Rev. St. U. S. § 2291 (U. S. Comp. St. 1916, § 4532), that the property had not been alienated.

Appeal from Circuit Court, Blount County; James E. Blackwood, Judge.

Action in ejectment by Will Quinn against the Tennessee Coal, Iron & Railroad Company. Judgment for defendant, and plaintiff appeals. Affirmed.

The evidence for defendant tended to show that James Quinn lived on the land sued for from the time he entered it until his death in 1885, and that about two months after his death a patent was issued to his wife, who continued to reside on the land until her death some time in 1887, after which the oldest daughter of James Quinn continued to live on the property for about five years. Will Quinn, plaintiff, was about two years old at the time his father died. Plaintiff then introduced a patent from the United States government to the land in question of date May 4, 1885. Plaintiff offered also certified copy of final receipt No. 3603, of date January 19, 1885. Defendant's evidence was a mortgage purporting to have been executed by James Quinn and wife, January 12, 1885, properly acknowledged by husband and wife separately on the date executed, and conveying said land to Burrell Smith. Plaintiff objected to the introduction of the mortgage on the ground, among others, that it was executed prior to the date of the patent, prior to the date of the final certificate, and prior to the date of the final receipt. Defendant then offered deeds properly executed and acknowledged showing foreclosure of said mortgage by the mortgagee, and conveyance by him to the Tennessee Coal, Iron & Railroad Company, prior to the bringing of this suit.

James B. Burgin and W. A. Jenkins, both of Birmingham, for appellant. Percy, Benners & Burr and Spier Whitaker, all of Birmingham, for appellee.

ANDERSON, C. J. The mortgage in question contained the statutory warranty, and therefore included an after-acquired title, nothing to the contrary appearing in the instrument. Indeed, this well-established principle is not questioned by the appellant, but it is insisted that the mortgage was void because made before the issuance of the receiver's certificate, and was contrary to public policy because of the oath required, under section 2291 of the United States Revised Statutes (U. S. Comp. St. 1916, § 4532); that the property had not been alienated and reliance is placed upon the case of Anderson v. Carkins, 135 U. S. 483, 10 Sup. Ct. 905, 34 L. Ed. 272. The great weight of authority seems to be that a mortgage upon the land, even before the issuance of the receiver's certificate, is binding and is not such an alienation as is prohibited by the federal statute. See Stark v. Morgan, 73 Kan. 453, 85 Pac. 567, 6 L. R. A. (N. S.) 934, and note, 9 Ann. Cas. 930, for a full discussion of this subject. It is true that in those jurisdictions so holding, a mortgage is regarded as merely a security for a debt, while with us it has a dual capacity, "a conveyance of an estate in lands and a security for a debt, bearing one character in a court of law and another in a court of equity." Welsh v. Phillips, 54 Ala. 309, 25 Am. Rep. 679. We are relieved, however, from having to decide whether or not this would make said cases applicable to this jurisdiction when the mortgage was executory, as the facts in this case show that the mortgage has long since been foreclosed, and has become fully executed, and this being the case this point was not available to these appellants. Gamble v. Caldwell, 98 Ala. 577, 12 South. 424; Farrior v. New Eng. Mtg. Co., 88 Ala. 275, 7 South. 200; Cranor v. Miller, 147 Ala. 268, 41 South. 678. It was expressly held in the case of Hartman

v. Butterfield, 199 U. S. 335, 26 Sup. Ct. 63, 50 L. Ed. 217, that this defense was not available against an executed contract, wherein the case of Anderson v. Carkins, supra, was explained and differentiated and the cases of Madden v. Floyd, 69 Ala. 221, and Gordon v. Tweedy, 71 Ala. 202, are cited in support of the holding. The case of Anderson v. Carkins, supra, dealt with a bill to specifically perform a contract violative of public policy and the federal statutes, but not with a mortgage after it had been foreclosed and had become fully executed.

The case of Smart v. Kennedy, 123 Ala. 629, 26 South. 198, dealt with a mortgage after the issuance of the receiver's certificate and upheld same, and did not deal with the effect that the federal statute would have upon a mortgage after it was foreclosed, although made before the issuance of the certificate.

As the defendant's evidence showed that the mortgage had been foreclosed the trial court did not commit reversible error in not sustaining plaintiff's objection to same upon the ground that it was prior in date to the final certificate. The other grounds of objection are not insisted upon in argument.

The judgment of the circuit court is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.