(81 South. 576)

POWERS CLOTHING CO. v. SMITH. (8 Div. 163.)

(Supreme Court of Alabama. April 17, 1919.)

1. HOMESTEAD ⬉181(3)—FILING OF DECLARATION—PRIMA FACIE EVIDENCE.

Under Code 1907, § 4192, the filing by one leaving his home of a declaration of claim to a homestead exemption is prima facie evidence of an intention to return, and, in the absence of evidence to the contrary, stamps upon the place the brand of a homestead.

2. HOMESTEAD ⬉181(1)—PRESUMPTION.

A homestead, once acquired, is presumed to continue until a change facto et animo is shown.

3. HOMESTEAD ⬉87—HOME OF WIFE.

A house owned by the wife cannot be claimed by the husband as his homestead.

4. HOMESTEAD ⬉181(1)—PRESUMPTION—INTENTION TO RETURN.

The mere fact that one living away from home sold the same was not sufficient to overcome the presumption, arising from his filing of a claim to a homestead exemption under Code 1907, § 4192, that he intended to return to the same up to the time he sold.

5. DOMICILE ⬉5—HOMESTEAD ⬉21—HUSBAND AND WIFE.

The domicile of the husband is the domicile of the wife, and so long as the husband's house is his domicile, a house belonging to the wife could not become her homestead, although both are living 'in the wife's house.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Bill by the Powers Clothing Company, a corporation, against J. B. Smith, to declare a lien upon land and to sell same to satisfy a judgment obtained by complainant against one J. C. Carpenter. Decree for respondent, and complainant appealed. Affirmed.

The bill alleges that complainant recovered a judgment against J. C. Carpenter in the law and equity court of Madison county on the 3d day of March, 1913, and had the same accorded in the probate office of Madison county on March 7, 1913; that the judgment is unsatisfied and is the property of the complainant; that on May 10, 1915, J. C. Carpenter and wife conveyed by deed to respondent, J. B. Smith, a tract of land described in the bill as owned by J. C. Carpenter and being situated in the county of Madison, which land was subject to levy and sale under execution on the judgment. The answer set up that at the time the land was conveyed by Carpenter to Smith it was the homestead of said Carpenter and wife, and that prior to the time when said judgment was recovered, and prior to the time when the judgment was recorded, said Carpenter had on file in the office of the judge of probate of Madison county his declaration of claim of homestead exemption to the lands described in the bill.

Cooper & Cooper and Addison White, all of Huntsville, for appellant.

R. E. Smith, of Huntsville, for appellee.

ANDERSON, C. J. [1, 2] Section 4192 of the Code of 1907 provides:

"When a declaration of claim to a homestead exemption has been filed in the office of the judge of probate, leaving the homestead temporarily, or a leasing of the same, shall not operate an abandonment thereof, or render it subject to levy and sale; but the right thereto shall remain the same as if the actual occupancy thereof had continued."

This section and its progenitor have been fully considered and discussed in the recent case of Fuller v. American Supply Co., 185 Ala. 512, 64 South. 549, wherein it was held that notwithstanding the declaration, which was prima facie evidence of an animus revertendi, the said declaration would not preserve the homestead, unless there was, in fact, a present and continuing intent to return. So the question in this case is: Did Carpenter, at the time of leaving his home and moving on his wife's place at Toney, and up to the time he sold the place to J. B. Smith, intend to return? The filing of the declaration was prima facie evidence of his intention to return, and, in the absence of evidence to the contrary, stamped upon the place the brand of a homestead. "A domicile, once acquired, is presumed to continue until a change facto et animo is shown." Caldwell v. Pollak, 91 Ala. 357, 8 South. 547.

[3, 4] The proof does not show that Carpenter purchased another home, or that he owned the one to which he removed, so as to indicate a change of the old homestead for the new one, as the one to which he removed belonged to his wife, and could not have been claimed by him under the law as his homestead. Not only did the declaration establish a continuing prima facie intent to claim the homestead by Carpenter and evince an animus revertendi, but there was proof tending to show that the wife's place at Toney was more suitable and convenient to him in the discharge of his duties as a deputy sheriff, and which was not of indefinite and permanent duration. The only proof offered by the appellant to overcome this was the fact that Carpenter sold the place to Smith before he actually returned. Of course, when he sold the place, it ceased to be a homestead, just as would have been the case if he sold it while actually residing upon same; but the right or claim of the complainant must be measured by the status existing at the time of the sale, and not subsequent thereto, or resulting therefrom. We are not, therefore, prepared to say that Carpenter had abandoned his intention to return previous to selling

the property to Smith, and, if it was his homestead when he conveyed to Smith, it was not subject to the complainant's claim, and it cannot be prejudiced by the conveyance by Carpenter to Smith of property which could not have been subjected to its debt.

[5] We cannot agree with the contention of counsel that Mrs. Carpenter could have claimed the Toney place as the homestead, and that to hold that carpenter could also claim the former home as a homestead would in effect permit one family to claim two homesteads. The domicile of the husband is that of the wife, and so long as the old home continued to be the domicile of Carpenter it, and not the place at Toney, was the domicile of Mrs. Carpenter. Talmadge v. Talmadge, 66 Ala. 199.

The decree of the circuit court is affirmed. Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.