# Hambrick *v.* New England Mortgage Security Company,

### *Action of Ejectment under the Statute.*

1.  *Title of mortgagee purchasing at sale under power in mortgage.*— Where, on default in a mortgage, the mortgagee. under a power, sells the land, and becomes the purchaser, though no conveyance is made under the sale, both the legal and equitable title become vested in him, and he can recover possession, the mortgagor not having taken steps to redeem in equity.

APPEAL from the Circuit Court of Madison.
Tried before the Hon. H. C. SPEAKE.

HUMES, SHEFFEY & SPEAKE, and A. J. BENTLEY, for the appellant.

CALDWELL BRADSHAW, and D. IRVIN WHITE, for the appellee.

HARALSON, J.—On the 25th March, 1887, the appellant, the defendant below, executed a mortgage on lands therein described, to secure to appellee, plaintiff below, the sum of $3,600.00, that day loaned to defendant by plaintiff.   The note was payable on the 25th of March, 1892, and for the accruing interest, five coupon notes were attached to said principal note, the first for $196, payable on 1st December, 1887, three others, for $250, each, payable, respectively, on the first days of December, 1888, 1889 and 1890, and the last, for $380, payable on the 25th of March, 1892, the date of payment of the principal debt.

The mortgage contained the stipulation, that if the mortgagor should make default in the payment of said note, or any· coupon thereto attached, within 20 days after the same became due, the whole sum of money secured should, at the option of the holder of said note, become due and payable, at once, and the mortgagee, its agent, attorney or assignee,

might enter upon and take possession of the lands described in the mortgage, and proceed to sell the same in a manner and on terms therein provided.

On the 6th of April, 1891, after having advertised the lands for public sale, under the power in the mortgage, and in the manner specified therein, the plaintiff sold said lands in Huntsville, Alabama, to the highest bidder for cash, and itself became the purchaser of them, through its attorney, D. I. White, at the sum of $3,690, but no conveyance seems to have been made, under said sale.

On the 24th February, 1892, the appellee, brought this action in the Circuit Court of Madison county, against the appellant, to recover the possession of said lands. The defendant pleaded not guilty, which was the only plea interposed, so far as appears. On the trial of the cause, the mortgage and notes were introduced and read in evidence by the plaintiff, and the sale under the power in the mortgage, as above stated, was shown. Judgment was rendered for the plaintiff, for the possession of the lands sued for and costs.

There are three assignments of error. The first has reference to the evidence of a witness, Bentley, examined by defendant. His evidence, as given, was, simply, "that the defendant elected to disaffirm the sale," and on the objection by plaintiff, that it was illegal, incompetent and not the best evidence of a disaffirmance, the court excluded it.

This was no evidence of a disaffirmance of the sale under the mortgage by the mortgagor, such as affected the rights of plaintiff, under its mortgage. The only remedy defendant had against plaintiff, under its mortgage, was to pay the debt secured therein. *Am. F. L. Mortgage Co. v. Sewell*, 92 Ala. 163. We have before now held, that so long as the foreclosure sale under a mortgage stands, and no affirmative legal steps are taken to avoid it, the purchaser, although he is the mortgagee, must be regarded as the owner of the land. Not being competent to make a conveyance to himself, his title may be only equitable, and, standing alone, might be insufficient to support ejectment; but, by virtue of his title as mortgagee, both the legal and equitable title become vested in him, and constitute a perfect title, subject only to the right of the mortgagor, seasonably expressed, in a court of equity, to be let in to redeem, and this he can not do, without offering to do, and doing equity. *Am. F. L. Mortgage Co. v. Turner*, 95 Ala. 272; *The Same Co. v. Sewell*, *supra*.

The plaintiff company under its mortgage, having the

[Copeland et al. v. McAdory et al.]

legal title had the unquestionable right to maintain the suit, and on the proof offered, to the judgment it recovered. 3 Brick. Dig. 651, § 257.

The court correctly gave the general charge in favor of the plaintiff, and refused a like charge for the defendant, on which ruling the remaining assignments of error are based.

Affirmed.