# Garren v. Fields.

### Statutory Action of Ejectment.

1. *Relation of mortgagee and mortgagor; right of mortgagor to set up adverse possession after foreclosure of mortgage.* While a mortgagor does not hold adversely, but holds in subordination, to the title of the mortgagee, and an alienee of the mortgagor holds in the same right and can assert no higher or independent title, still, after the foreclosure of the mortgage under the power of sale contained therein, the mortgage becomes *functus*, and as against a purchaser at said foreclosure sale, or his alienee, the mortgagor remaining in possession, or his alienee, may hold said lands adversely from the date of said sale, and can set up such adverse possession as a defense to a subsequent action of ejectment; and it is immaterial, in the application of this principle, that the mortgagee became the purchaser at the foreclosure sale, he being authorized thereto by the mortgage.

2. *The general affirmative charge* should never be given where there is conflict in the evidence as to the issue being tried.

APPEAL from the Circuit Court of Blount.

Tried before the Hon. A. H. ALSTON.

This was a statutory action in the nature of ejectment brought by A. E. Fields against Thomas B. Garren for certain lands specifically described in the complaint.

The plaintiff showed title for the land sued for from the United States to the Louisville & Nashville Railroad Company; from that company to the North Alabama Land Company, by deed of warranty of title, and by mesne conveyances from the latter company to himself.

The defendant claimed title by virtue of a deed to himself from his brother, A. J. Garren, of date February 16, 1884, the said A. J. Garren having purchased the land from the Louisville & Nashville Railroad Company on the 27th of January, 1881, and by virtue of al-

[Garren v. Fields.]

leged adverse possession under this deed as color of title. Both parties claim title from a common source—the Louisville & Nashville Railroad Company.

On the same day said A. J. Garren, the defendant's vendor, purchased the land from said railroad company and the same was conveyed to him by said company, viz., on the 27th day of January 1881, he, the said A. J. Garren, executed a mortgage to the said railroad company to secure the purchase money for the land, evidenced by his three notes to the company, falling due respectively, on the first days of January, 1882, 1883 and 1884. It was stipulated in this mortgage that on foreclosure of the same, under the power contained therein, the mortgagee was authorized and empowered to become the purchaser of the land therein conveyed, and to execute a proper deed to the purchaser; that said mortgage was duly recorded on the 9th of February, 1881, and was duly and regularly foreclosed, under its power, on the 12th of December, 1885, default in the payment of two of the purchase money notes having been made; the mortgagee became the purchaser of the same at said sale, at and for the balance remaining due on the mortgage debt, and received a proper deed to the lands. After this, on the 13th of March, 1886, the Louisville & Nashville Railroad Company conveyed the land for value to the North Alabama Land Company, and on the 5th of August, 1886, the latter company sold and conveyed the same to the plaintiff.

The evidence on the part of the plaintiff, A. E. Fields, tended to show that the defendant became his tenant of the land in question for many years after his purchase of the same, and recognized his title thereto, even down to the pear 1898, and never, at any time, till in that year, did he set up any claim or interest in said land adverse to the plaintiff. The evidence on the part of the defendant was in conflict with that of the plaintiff, on the claim of adverse possession, and tended to show that he had been in the adverse possession of the land for a period longer than ten years, next before the institution of this suit, claiming said lands as his own, under and by virtue of the deed he had received to

the same from his brother, A. J. Garren, on the 16th of February, 1884.

The court, at the request of the plaintiff, gave the general charge in his favor, and refused charges requested by the defendant. To each of these rulings the defendant separately excepted. From a judgment in favor of the plaintiff the defendant appeals, and assigns as error, among other rulings of the trial court, the giving of the general affirmative charge in favor of the plaintiff.

R. T. ROBINETT, for appellant.—The general affirmative charge requested by the plaintiff was improperly given.—*L. & N. R. R. Co. v. Lancaster*, 121 Ala 471.; *Anderson v. Railroad Co.*, 109 Ala. 129; *Moody v. A. G. S. R. R. Co.*, 99 Ala. 553.

EMERY C. HALL, contra, cited *Seabury v. Stewart*, 22 Ala. 207; *Coyle v. Wilkins*, 57 Ala. 108; *Gafford v. Strauss*, 89 Ala. 283; *Walker v. Crawford*, 70 Ala. 567; *Smith v. Gilliam*, 80 Ala. 296; *State v. Conner*, 69 Ala. 212.

HARALSON, J.—It is familiar, that a mortgagor does not hold adversely, but in subordination to the title of the mortgagee, and an alienee of the mortgagor holds in the same right, and can assert no higher or independent title—*The State v. Conner*, 69 Ala. 212. The plaintiff contends, under this principle, that the defendant must be regarded as holding under his vendor, A. J. Garren,—the mortgagor of the Louisville & Nashville R. R. Co.,—and in subordination to the mortgage by him to said company; that the possession of the land by defendant, claiming title through that company, was the possession of said Railroad Company, and such status continued, until, actual notice of his adverse claim was given by him to some of the vendees of said company claiming title through it. In other words, it is urged, that, as it was not shown that the Louisville & Nashville Railroad Co.,—the mortgagee of defendants' vendor,—or the Alabama Land Company,—the immediate vendee of said Railroad Company,—or the plain-

tiff, Fields, the vendee of said Land Company, had any knowledge or notice, that defendant was holding adversely, the defendant was not in position to set up adverse possession as a defense to the plaintiff's action. Admitting, as we may for the purposes in hand, that this contention is well founded in any case, yet it cannot be invoked, except where the mortgage still exists and belongs to the original mortgagee or those claiming under him by assignment of the same. But here, the original mortgagee, the L. & N. R. R. Co., duly and legally foreclosed its mortgage, and afterwards, having purchased the land under foreclosure sale and received a conveyance of it, sold and conveyed the same with warranty of title, to the Alabama Land Company, the plaintiff's vendor. Said mortgage by its foreclosure became *functus,* and no longer existed as a security for a debt, and the conveyance, afterwards, by the mortgagee to said Land Company, was not in any sense a mere assignment of the mortgage, but a conveyance of the legal title to the land. After this, said mortgage no longer remained a factor of defendant's alleged adverse possession, and the period from which such possession is to be estimated, must be ascertained without reference to it.—*Williamson v. Mayer,* 117 Ala. 253, 260, 261.

As appears, the evidence, as to the validity of defendant's adverse possession, was directly in conflict with the plaintiff's evidence, leaving no place for the general charge given for the plaintiff. The question, under proper instructions from the court, should have been left to the determination of the jury.

Reversed and remanded.