# Bell v. Shiver, et al.

*Bill to Declare a Deed a Mortgage and to Redeem.*

(Decided April 17, 1913. Rehearing denied May 8, 1913.
61 South. 881.)

*Mortgages; Deed as; Debt; Necessity.*—The test in determining whether an instrument is a mortgage, or a sale with the privilege of repurchasing, is the existence or non-existence of a debt to be secured, as the idea of a mortgage without a debt to be secured by it is a legal myth in our system of jurisprudence.

APPEAL from Coffee Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by R. E. Bell against Gus Shiver and others to declare a deed a mortgage, for an accounting, and to redeem. Decree for respondents, and complainant appeals. Affirmed.

The substantial facts made by the bill are that in 1908 complainant purchased from M. W. Crosson and wife certain real estate therein described, executing to Crosson his promissory note for $50, and assuming an indebtedness on the land created by Crosson in the shape of a mortgage to the British American Mortgage Company, and that when the note to Crosson fell due, and the partial payment to the mortgage company be-

came due, orator did not have the money to pay them, and negotiated with Shiver with the view of borrowing money to pay off the indebtedness, which negotiation resulted in Shiver's agreeing to loan him the money required to buy the place, and to meet the subsequent payments. It is further alleged that Shiver was unwilling to make the loan unless he was secured in the same by the execution to him of the deed to the land, as he said he would rather have it secured that way, as he wanted more than the legal rate of interest, requiring $100 per year, which would be called rents upon the land; that the contract was that Shiver would loan orator enough money to pay Crosson, and to meet the several installments of principal and interest upon the indebtedness due the British American Mortgage Company, whereupon orator and wife would execute to Shiver the deed to the lands, and Shiver did pay the amount due Crosson, and the principal and interest payments due the mortgage company. It is then averred that Shiver was never in possession, but that orator was delivered possession by Crosson, and has been in possession since, and has paid Shiver $100 interest each year, up to the time of filing this bill; and orator avers that he did offer to pay the said sum of $100 each year as interest on said land, and that said Shiver did agree to accept such sum as interest upon such land, making up a usurious contract, from which it is sought to relieve orator from the payment of any interest on the loan, and to apply the payments already made to the principal of the loan, and that Shiver now denies that the deed was intended as a mortgage, but claims it to be a deed, and is about to sell the land, or has contracted to sell it, to one Horn. There is an offer to pay whatever is found due, with the prayer as above set out.

[Bell v. Shiver, et al.]

RILEY & CARMICHAEL, for appellant. Under the facts in this case it was the duty of the court to declare the instrument a mortgage, to state an account between the parties and permit redemption.—*Haney v. Robertson,* 58 Ala. 37; *Logwood v. Hussey,* 60 Ala. 417; *Johnson v. Hataway,* 46 South. 760.

J. F. SANDERS, for appellee. No brief reached the Reporter.

ANDERSON, J.—The preponderance of the evidence shows that the deed, unconditional on its face, was made to the respondent upon the consideration of $1,050, being the amount due the British & American Mortgage Company, and a note of $50 due Crosson, and that the execution of the deed released the complainant from any liability to the respondent for the sums paid by him to Crosson or the mortgage company, whether the evidence of these debts was marked satisfied or was transferred to Shiver. In other words, the evidence fails to fix any liability upon Bell to repay Shiver, except upon condition that he (Bell) chose to repurchase the land from Shiver. "One of the distinguishing tests by which to determine whether an instrument is a mortgage, or a sale with the privilege of repurchasing, is the existence or nonexistence of a debt to be secured. If there be no debt due from the grantor to the grantee, there can be no mortgage. The idea of a mortgage without a debt to be secured by it is a legal myth in our system of jurisprudence.—*Vincent v. Walker,* 86 Ala. 336 [5 South. 465]; *Douglass v. Moody,* 80 Ala. 61." *Nelson v. Wadsworth,* 171 Ala. 603, 55 South. 120.

The decree of the chancery court is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.