(75 South. 706)

COMMERCIAL FINANCE CO. v. DYER. (5 Div. 243.)

(Court of Appeals of Alabama. May 29, 1917.)

1. APPEAL AND ERROR ☞1078(1)—ASSIGNMENTS—WAIVER.

Assignments of error not insisted on will be treated as waived.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4256.]

2. TRIAL ☞143—AFFIRMATIVE CHARGE.

Where there was evidence tending to sustain plaintiff's case, and where plaintiff's and defendant's evidence was in direct and irreconcilable conflict on all the material issues presented by defendant's special pleas, the affirmative charge for defendant was improperly given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 342, 343.]

3. PLEADING ☞79—SPECIAL PLEA—DENIAL.

A mere denial under oath of the correctness of the account sued on should not be treated as a plea.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 160, 161, 162½.]

Appeal from Circuit Court, Chilton County; A. H. Alston, Judge.

Action by the Commercial Finance Company against W. C. Dyer. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The special pleas set up that appellant, through an agent, came to appellee's store and endeavored to contract with him for the sale of certain merchandise called assortment; that appellee purchased one-fourth of two assortments, and one-half of another assortment of crockery, and the assortments being shown on itemized printed lists, and also six dozen teas and plates. It is alleged that appellee's and appellant's agent selected the articles purchased from the three printed lists of assortments, and that the articles so selected composed only part of the articles mentioned or described in said list; that the agent of appellant agreed to ship appellee the articles so selected in lieu of the various articles shown on said list, and pretended to reduce this agreement to writing, and then presented said writing to appellee for his signature, and that appellee, not knowing the contents of the writing and memorandum, but relying on the representations of the agent, but believing the same to be true, signed same without reading. It is then averred that the writing was materially different, etc. Plea 6 was a plea of set-off and recoupment.

Victor J. Heard and F. B. Collier, both of Clanton, for appellant. T. A. Curry, of Clanton, and Pettus, Fuller & Lapsley, of Selma, for appellee.

BROWN, P. J. [1] The assignments of error predicated on the judgment of the court overruling the demurrer to the defendant's special plea, and sustaining the demurrer to the plaintiff's special replication are not insisted on and are treated as waived. L. & N. R. R. Co. v. Holland, 173 Ala. 694, 55 South. 1001. The only question, therefore, is whether or not the court erred in giving the affirmative charge requested in writing by the defendant.

[2] There was evidence tending to sustain the plaintiff's case, so the giving of the affirmative charge for the defendant cannot be justified on the theory that the plaintiff wholly failed to make out a case. The only other theory on which this action of the court can be justified is that the evidence sustains without room for adverse inference, one or more of defendant's special pleas. The evidence offered by the plaintiff and that offered by the defendant is in direct and irreconcilable conflict on all the material is

---

sues presented by the defendant's special pleas 3, 4, and 5, and the affirmative charge could not be given on the theory that any one of these pleas was sustained by the undisputed evidence. Garren v. Fields, 131 Ala. 304, 30 South. 775; Ashford v. McKee, 183 Ala. 620, 62 South. 879.

[3] Special plea 2 is a mere denial under oath of the correctness of the account sued on, and should not, on another trial, be treated as a plea. However, under the evidence, the question of the correctness of the account was for the jury. There was no evidence to sustain the sixth plea.

The defendant was not entitled to the affirmative charge.

Reversed and remanded.