(95 South. 10)

**BELLENGER v. WHITT.    (7 Div. 325.)**

(Supreme Court of Alabama.   Nov. 30, 1922. Rehearing Denied Jan. 18, 1923.)

**1. Adverse possession ⬡51—Mere judgment for land does not interrupt continuity of holding.**

Continuity of one's holding of land is not interrupted by judgment against him in an action by another for the land, without disposession by writ thereunder.

**2. Mortgages ⬡298(4) — Title passing by mortgage divested by payment of debt prior to foreclosure.**

Under Code 1907, § 4899, title passing by mortgage is divested by payment of the mortgage debt prior to foreclosure.

**3. Mortgages ⬡372(4)—Paper title of mortgagee and purchaser at sale prevails in action for possession, in absence of showing of payment or hostile possession.**

In the absence of proof of payment of mortgage, paper title of plaintiff in ejectment, a member of the mortgagee firm, to whom sale and certificate of purchase was made under

power in the mortgage, on default therein, should prevail unless possession meanwhile of defendant, heir of the mortgagor, or of both, was of a character to revest title in him or them.

**4. Mortgages ⬡143—Mortgagor's possession not hostile to mortgagee.**

Possession by mortgagor, without qualifying incident, is permissive and not hostile to mortgagee.

**5. Mortgages ⬡143 — Lapse of time raising presumption of payment held necessary to defeat mortgagee's recovery of possession.**

In the absence of open disclaimer of mortgagee's title brought to his knowledge, or positive showing of payment, the only principle available to a mortgagor in possession to defeat recovery of possession by mortgagee is the presumption of payment arising after lapse of 20 years.

**6. Mortgages ⬡368—Title vested by sale under power with certificate of purchase.**

Foreclosure by sale under power in deed, though only a certificate of purchase is given, vests in the purchaser the same title that would pass by a foreclosure deed.

**7. Mortgages ⬡374—Foreclosure deed executed late retrospective in operation.**

As between the parties to a mortgage and their privies, no repugnant rights having intervened, a foreclosure deed executed, years after the sale under power in the mortgage, to the purchaser, will operate retrospectively.

**8. Mortgages ⬡143—Possession of mortgagor after execution of foreclosure deed not hostile, in absence of disclaimer and notorious assertion.**

After execution of foreclosure deed to purchaser at sale under power in mortgage, holding of the premises by the mortgagor and his heir is in subordination to the purchaser, and only an explicit disclaimer of the relation or a notorious assertion of right in the possessor brought to the purchaser's knowledge will render the possession adverse, so as to vest title in the possessor under the 10 years' statute.

**9. Adverse possession ⬡88—Payment of taxes not enough.**

Payment of taxes will not by itself establish title by adverse possession.

**10. Mortgages ⬡372(4) — Inconclusive evidence as to payment held to require submission to the jury.**

Inconclusive evidence as to payment of the mortgage debt before foreclosure by sale under power in the mortgage requires submission to the jury of the general question of right and title in action for possession of the premises by the purchaser at the sale against the mortgagor's heir.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Action by W. C. Bellenger against J. D. Whitt. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

⬡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Dortch, Allen & Dortch and Inzer, Inzer & Lusk, all of Gadsden, for appellant.

The foreclosure of a mortgage cuts off the entire interest of the mortgagor in the mortgaged lands, and confers the same title on the purchaser that would have passed by the mortgage originally, if it had been an absolute deed, instead of a conditional conveyance. 27 Cyc. p. 1488; 25 Ala. 152; 180 Ala. 82, 60 South. 162; 92 Ala. 163, 9 South. 144, 13 L. R. A. 299; 203 Ala. 228, 82 South. 478; 131 Ala. 304, 30 South. 775. Possession by mortgagor after foreclosure is not adverse and will not ripen into title, and possession by mortgagor prior to foreclosure is presumptively permissive and not adverse to the mortgagee. 205 Ala. 49, 87 South. 539; 177 Ala. 140, 58 South. 419; 187 Ala. 153, 65 South. 769; 59 Ala. 212; 2 C. J. 146, 163; 151 Ala. 487, 43 South. 967; 97 Ala. 596; 107 Ala. 616, 18 South. 139; 199 Ala. 681, 75 South. 158. Possession without color of title duly recorded in probate office of the county in which the land lies, or without annually listing the land for taxation in the proper county, is not adverse, and will confer no right or title, however long maintained. Code 1907, § 2830. The general affirmative charge should not be given, where there is conflict in the evidence as to the issue being tried. 131 Ala. 304, 30 South. 775.

Hood & Murphree, of Gadsden, for appellee.

A mortgage, after lapse of 20 years from its maturity, without recognition of liability thereon by the mortgagor, is presumed to be satisfied. 57 Ala. 108; 180 Ala. 146, 60 South. 799; 138 Ala. 153, 35 South. 111; 176 Ala. 276, 58 South. 201. A judgment alone, without a writ and dispossession of defendant under it, was not sufficient to create a break in the continuity of defendant's holding. 140 Ala. 633, 37 South. 295.

SAYRE, J. [1] Action of ejectment by appellant against appellee. The parties claim through a common source of title, W. P. Whitt. Defendant is the son and heir at law of W. P. Whitt. Plaintiff deraigns title through a mortgage executed by W. P. Whitt to Bellenger Bros., a partnership, and a purchase by plaintiff, a member of the firm, at a foreclosure sale. This mortgage was executed in 1892 and, if not paid, was in default in the fall of that year. In 1902 there was a foreclosure under the power contained in the mortgage, as indicated above, but the foreclosure deed was not executed until 1920. In 1906 plaintiff recovered judgment against W. P. Whitt in an action for this land, but this fact may be laid out of view for the reason that the evidence fails to show dispossession thereunder, and without a dispossession by a writ against defendant in that cause the continuity of his holding was not interrupted. Bradford v. Wilson, 140 Ala.

633, 37 South. 295. W. P. Whitt remained in possession until 1918, when he died. Since then defendant has been in possession. This action was brought December 20, 1920.

[2-8] Defendant claimed, and introduced some evidence tending to support his claim, that the mortgage debt had been paid prior to the foreclosure. Such payment, if found by the jury, divested the title which had passed by the mortgage. Code 1907, § 4899; Abbett v. Page, 92 Ala. 571, 9 South. 332. But assuming this issue to have been determined in plaintiff's favor, plaintiff showed a paper title, dating back to 1892, and that title should have prevailed unless, further, the possession meanwhile of defendant, or of defendant and his ancestor, had been of a character to revest title in him or them. Hambrick v. New England Mortgage Security Co., 100 Ala. 551, 13 South. 778. Possession by defendant's ancestor as mortgagor, without qualifying incident, was permissive and not hostile to the mortgagee. Christopher v. Schockley, 199 Ala. 681, 75 South. 158. In the absence of an open disclaimer of the mortgagee's title, brought home to his actual knowledge, the only principle available to a mortgagor in possession is the presumption of payment of the mortgage debt that arises after the lapse of 20 years. Coyle v. Wilkins, 57 Ala. 108. But according to the undisputed evidence—still assuming nonpayment of the debt—the original status of relationship between plaintiff and defendant, or defendant's ancestor, had been changed. Under the terms of the mortgage the mortgagee, his agent or attorney, was authorized to execute a deed upon foreclosure. On the day of the foreclosure, the mortgagee's agent or attorney made a certificate reciting plaintiff's purchase along with the other facts; but, as already noted, no deed was executed until after the lapse of 18 years. Nevertheless, it seems, this foreclosure vested in the plaintiff purchaser the same title that would have passed to him under a formal instrument of conveyance. Garren v. Fields, 131 Ala. 304, 30 South. 775; Bank of New Brockton v. Dunnavant, 204 Ala. 636, 87 South. 105; Hambrick v. New England Mortgage Security Co., supra; Mewburn v. Bass, 82 Ala. 622, 2 South. 520; Cooper v. Hornsby, 71 Ala. 62. At any rate, no reason is perceived why, as between the parties and their privies at least, no repugnant right having intervened, the deed executed under these circumstances should not be allowed to operate retrospectively. Demarest v. Wynkoop, 3 Johns. Ch. (N. Y.) 129, 8 Am. Dec. 467. Thereafter defendant and his predecessor in title must be regarded as holding the premises in subordination to plaintiff, and nothing short of an explicit disclaimer of that relation or a notorious assertion of right in himself, brought home to the actual knowledge of plaintiff, sufficed to change the character of the possession under which defend-

ant claims and render it adverse to plaintiff so as to vest title in him under the statute of limitations of 10 years. Yancey v. S. & W. R. R. Co., 101 Ala. 234, 13 South. 311; Daniels v. Williams, 177 Ala. 140, 58 South. 419; 2 C. J. 143.

[9, 10] Evidence that defendant's ancestor had paid taxes on the land in suit, while not of itself sufficient to establish title by adverse possession, would have tended, if offered in connection with other evidence of an adverse holding, to show the hostile character of defendant's possession; but, as we read the record, there was no evidence going to show a holding by defendant or his predecessor in hostility to plaintiff and brought to his knowledge as the decisions in such cases require. However, the evidence as to payment of the mortgage debt, inconclusive though it may have been, required that the general question of right and title be submitted to the jury. The court erred therefore in giving the general charge for defendant.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.