(101 South. 56)

BRANNON v. McCORMICK. (7 Div. 485.)

(Supreme Court of Alabama. June 26, 1924.)

1. Mortgages ☞32(5)—Debt existed if absolute conveyance was intended as mortgage; conveyance not mortgage if no debt was intended to exist.

If a conveyance absolute on its face which recited the consideration in a certain sum was intended by the parties to be a mortgage a debt existed; if no debt was intended to exist, the conveyance was not intended as a mortgage.

2. Mortgages ☞38(2), 319(3)—Party alleging absolute conveyance was mortgage, and that mortgage was paid before foreclosure, had burden of proving facts clearly.

Complainant who alleged that a conveyance absolute on its face was intended and contemplated by the grantors and grantees to be a mortgage, and that the mortgage debt was paid before foreclosure so as to divest under Code 1907, § 4899, title passing by mortgage, had the burden of proving such allegations by clear and convincing evidence.

3. Appeal and error ☞1012(2)—Decree of trial court based on evidence heard not disturbed unless his conclusion contrary to great weight of evidence.

A decree of the trial court based on the evidence heard will not be disturbed unless trial court's conclusion is contrary to the great weight of the evidence.

4. Mortgages ☞38(1)—Evidence held not to show that absolute conveyance was in fact mortgage.

Evidence held not to show that a conveyance absolute on its face was in fact a mortgage.

Appeal from Circuit Court, Calhoun County; S. W. Tate, Judge.

Bill in equity by Malinda Brannon against W. L. McCormick, to remove cloud on title and for sale of the land for division among joint owners. From a decree dismissing the bill, complainant appeals. Affirmed.

Lapsley & Carr, of Anniston, for appellant.

The deed should be treated as a mortgage; the relation of debtor and creditor existed before and at the time of the transaction between the grantor and grantee, and there was a debt continuing, the payment of which the grantee agreed to accept from the complainant and the other heir at law of the grantor. Daniels v. Lowery, 92 Ala. 519, 8 South. 352; Turner v Wilkinson, 72 Ala. 366; Kramer v Brown, 114 Ala. 612, 21 South. 817; Hughes v McKinzie, 101 Ala. 415, 13 South, 609; Hieronymus Bros. v. Glass, 120 Ala. 46, 23 South. 674. Payment of the mortgage debt divests the title passing by the mortgage. The bill has equity. Code 1907, § 4899; Kelley v. Martin, 107 Ala. 479, 18 South. 132; Bellenger v Whitt, 208 Ala. 655, 95 South. 10. Parol evidence is admissible to show that there was an agreement different from that expressed in the instrument. Mobile B. & L. Ass'n v. Robertson, 65 Ala. 382; Corley v. Vizard, 203 Ala. 564, 84 South. 299.

Chas. F. Douglas, of Anniston, for appellee.

The court will follow the construction

placed upon the instrument by the parties. Bixby-Theisen Co. v. Evans, 174 Ala. 571, 57 South. 39; Rodgers v. Burt, 157 Ala. 91, 47 South. 226; Bell v. Shiver, 181 Ala. 303, 61 South. 881. The finding of the trial court will not be interfered with under the circumstances of the case. B R., L. & P. Co. v. Lindsey, 140 Ala. 312, 37 South. 289.

MILLER, J. This is a bill in equity by Malinda Brannon against W. L. McCormick. It avers that complainant and Julia Harrison are all the heirs, children of William Boozer, deceased; that he died intestate, seized and possessed of 40 acres of land, describing it, and that after his death Julia Harrison and her husband conveyed her one-half interest in it to the defendant, and that the land is now owned jointly by complainant and defendant, each owning an undivided one-half thereof. The bill seeks to have the land sold for division between the joint owners on the ground it cannot be equitably divided or partitioned among them. It also seeks to have a mortgage executed by William Boozer and wife on the land to the defendant and a deed executed by them conveying the land to the defendant, and a foreclosure deed under the mortgage to the defendant, canceled as clouds on the title to the land. It avers the deed by William Boozer and wife was given as security for the mortgage and other debts, and the deed was intended to operate as a mortgage, and the mortgage debt has been fully paid, and further, that the mortgage debt was paid before the mortgage was foreclosed.

The answer avers that complainant has no title to or interest in this land; that it belonged to the defendant; that it did not belong to William Boozer at his death; that William Boozer and wife conveyed this land to defendant' absolutely in payment of the mortgage and other debts aggregating $250 due defendant by him, and defendant is now and has been in exclusive possession of this land since William Boozer's death, claiming it as his own. It avers that defendant agreed to sell an undivided one-half interest in this land to Julia Harrison for $100; that part only of the purchase price was paid, but she, and her husband resold it to defendant and quitclaimed to the defendant the interest she held in it by this sale. The court, on final hearing, on the pleading and proof, held that complainant was not entitled to relief, dismissed her bill of complaint, and taxed her with the cost of the cause.

[1, 2] Payment of the mortgage debt prior to foreclosure divests the title passing by the mortgage. Section 4899, Code 1907; Bellenger v. Whitt, 208 Ala. 655, headnote 2, 95 South. 10. The undisputed evidence shows that on April 11, 1916, William Boozer and wife executed to the defendant a mortgage on this land to secure $125, and on the 13th of January, 1917, William Boozer and wife, by absolute conveyance, a warranty deed, conveyed this land to the defendant for a recited consideration of $250. William Boozer died intestate on May 23, 1917. The complainant, appellant, avers this deed was intended by the parties, grantors and grantee, to operate as a mortgage, and the mortgage debt has been fully paid by complainant and her sister, heirs of William Boozer, before the mortgage was foreclosed. This is denied by the defendant in the pleading and the proof. When the conveyance is absolute on its face, and the averment is that the grantors and grantee intended and contemplated that it be a mortgage to secure a debt, the party claiming it was intended as a mortgage, if the fact is denied, as in this case, must show by clear and convincing evidence that at the time of the execution of the deed it was intended and understood by both parties that the absolute conveyance should operate only as a security for a debt. Turner v. Wilkinson, 72 Ala 361. If the conveyance was intended by the parties to be a mortgage, then the debt exists; if no debt was intended to exist, then the conveyance was not intended as a mortgage. Adams v. Pilcher, 92 Ala. 474, 8 South. 757; Bell v. Shiver, 181 Ala. 303, 61 South. 881.

The burden is on the complainant to show by clear and convincing evidence that this conveyance was intended by the grantors and grantee to be a mortgage, and the burden of proof also rests on the complainant to show, if it is a mortgage, that it was paid. 10 Michie, Digest, p. 927, § 46 (5), and authorities supra.

[3-4] Did the complainant meet the burden by the proof required? The evidence without conflict shows that William Boozer at the time of the execution of this absolute conveyance owed the defendant $250; it was secured in part by mortgage on this land. The deed recites the consideration was $250. The defendant's evidence indicates it was in full payment of this debt, that the conveyance was made, and that it was intended by the parties to be an absolute conveyance. There is some evidence appearing as if it was intended as security for the $250 debt. The value of the property appeared to be not exceeding $200. After the death of the grantor the defendant offered it for sale to the respective husbands of the children of William Boozer for $200. This was $50 less than the consideration recited in the deed allowed William Boozer for it. It appears from the evidence that Bob Harrison and Jeff Brannon agreed orally to purchase this land from the defendant for $200, the former to purchase for his wife and the latter for himself, each to have one-half interest. Jeff Brannon on November 12, 1917, gave the defendant $100, and defendant gave him the following receipt for it:

"Received of Jeff Brannon one hundred dollars in payment of his part of the Bill Boozer 40 acres of land   The balance of $100 to be paid by Robt Harrison   Deed to be made out as soon as the full amt. is paid.

"[Signed]        W. L. McCormick.
"This Nov. 12, 1917."

From this it appears Jeff Brannon purchased and paid for one-half interest in the land for himself; a deed was to be made when the full amount was paid   The balance of $100 to be paid for the land was to be paid by Robert Harrison.  On December 28, 1917, the defendant signed and gave Robert Harrison the following receipt:

"Dec. 28, 1917.
"Received from Bob Harrison one hundred and no/100 dollars in payment of his half of the amt. due on the William Boozer 40-acre tract of land.  $100.00.
"[Signed]        W. L. McCormick."

The testimony indicated with weight that Bob Harrison paid defendant this $100 in part on this land, and in part on an individual debt due defendant by him, and that the amount ($100) to be paid by Harrison on the land was never paid in full, and that Harrison and his wife, by quitclaim deed, afterwards sold their rights in the contract of sale or interest in this land to the defendant for a valuable consideration.

In 1922 or 1923, before this bill was filed, Jeff Brannon owed the defendant the sum of $368.63.  His testimony, the testimony of the complainant and defendant, practically without dispute, shows that Jeff voluntarily delivered back this receipt for $100 given him by the defendant, surrendered it to defendant, and resold, verbally, to defendant his rights under the oral contract, and by virtue of the receipt and payment of $100 on the land in consideration of credit on and in part payment of this $368.63 debt due defendant by him, and it was so accepted by the defendant, and the credit for it was given on this debt as the parties contracted.

The appellant insists that these two receipts were given by the defendant in satisfaction of and to show payment of the mortgage debt, evidenced by the mortgage and deed given by William Boozer to the defendant.  The evidence is in slight conflict on this issue.  The weight of the evidence is against the contention of the complainant. The trial court heard some of the witnesses testify.  The complainant, Jeff Brannon, Malinda Brannon, and D. J. Privett, witnesses for the complainant, were examined orally in the presence of the court.  He saw and heard them testify, and this gave him better opportunity than we have to consider their evidence and to decide the weight that should be given to it.  After hearing this evidence and seeing these witnesses and read-

ing the depositions of the defendant and J. B. Williams, he held and decided the complainant was not entitled to relief.   This was in legal effect that she had no title to or interest in this land.  The decree of the trial court will not be disturbed when he saw and heard many of the witnesses testify on material matters, unless his conclusion is plainly contrary to the great weight of the evidence   Finney v. Studebaker, 196 Ala. 422, 72 South. 54; Thompson v. Collier, 170 Ala. 469, 54 South. 493; Bell v. Blackshear, 206 Ala. 673, headnote 3, 91 South. 576.

The decree of the trial court is sustained and supported by the weight of the evidence in the cause.  The statute does not require that we state in this opinion all of the evidence upon which this conclusion is based, and it is not necessary for us to do so in this case.

The deed from William Boozer and wife to the defendant on its face is an absolute, unconditional warranty deed.  The great weight of the evidence indicates it was intended by the grantors and the grantee at the time of its execution as an absolute conveyance. When William Boozer died this land under this deed belonged to the defendant.  He did not die seized and possessed of it, and the complainant inherited from him no interest in or title to it.  She (complainant) was not connected with or interested in the oral sale of this land made by the defendant to Jeff Brannon and to Bob Harrison for his wife.  Whatever interest in the land Jeff Brannon and Robert (Bob) Harrison and wife secured by this oral contract and part payment of the purchase price was surrendered by them to the defendant for a valuable consideration.  The great weight of the evidence shows complainant was not interested in or connected with that transaction.

So it appears from the evidence and its weight that the complainant has no title to or interest in this 40 acres of land, and the trial court by decree properly denied her relief, dismissed her bill of complaint, and taxed her with the court cost.

The decree is free from error, and is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.